UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEYMAN FAZELI, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-0749-B |
| DALLAS MTV, LLC f/k/a MANAGEMENT TEAM VALET, LLC d/b/a RP VALET, et al., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment (Doc. 25), Defendant Reza Saleh's Motion to Dismiss Under Rules 12(b)(5) and 12(b)(6) (Doc. 28), and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 44). For the following reasons, the Court **SETS ASIDE** the clerk's entry of default against Saleh, **DENIES** Plaintiff's Motion for Default Judgment and Saleh's Motion to Dismiss, and **GRANTS** Plaintiff's Motion for Leave.

### I.

### BACKGROUND

On March 17, 2016, Plaintiff filed suit against 13 Defendants, both corporate and individual, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, for unpaid tip credit and overtime compensation. *See* Doc. 1, Compl. On June 15, 2017, Plaintiff filed his Motion to Extend Time for Service and to Serve Via Substituted Service of Process. Doc. 6. The Court granted in part and denied in part that Motion. Doc. 7, Order. Specifically, the Court granted an additional 30 days to

serve all Defendants and substitute service on the corporate Defendants. *Id.* But the Court denied Plaintiff's request for substitute service on the individual Defendants. *Id.*

On July, 18, 2017,Plaintiff, yet to have served a single Defendant, filed his second Motion to Extend Time for Service and to Serve Via Substituted Service of Process (Doc. 8). Once more, the Court granted in part and denied in part his request. *See* Doc. 9, Order. This time, the Court granted Plaintiff until August 18, 2016, an additional 30 days, to serve Defendants. *Id.* But the Court again denied Plaintiff's request for substitute service, this time as to all Defendants because Plaintiff sought to serve them through the Texas Secretary of State or publication in a newspaper. *Id.*

Plaintiff served five of the 13 Defendants, including Saleh,[1] by the Court's August 18 deadline. Doc. 23, Order to Show Cause. On October 21, 2016, Plaintiff requested and the clerk issued an entry of default against Saleh and Defendant Dallas MTV, LLC. *See* Docs. 21, Request for Clerk's Entry of Default; 22, Clerk's Entry of Default.

On November 28, 2016, some eight months after Plaintiff filed his suit, the Court issued an Order to Show Cause (Doc. 23) directing Plaintiff, no later than December 6, 2016, to: (1) serve those Defendants who had not been served; (2) request entry of default on the three Defendants other than Saleh and Dallas MTV who had been served or otherwise explain why he had not requested entry of default; and (3) move for default judgment against Saleh and Dallas MTV or otherwise explain why he had not. In response, Plaintiff voluntarily dismissed his claims against the unserved Defendants and moved for default judgment against Saleh and Dallas MTV, but took no action as to the three remaining Defendants who had been served. Docs. 24, Notice of Voluntary

---

[1]As addressed below, the sufficiency of Plaintiff's service on Saleh is contested here.

Dismissal of Certain Defs.; Doc. 25, Pl.'s Mot. Entry Def. J. Accordingly, the Court dismissed Plaintiff's claims against those three. Doc. 26, Order.

Neither Saleh nor Dallas MTV responded to Plaintiff's Motion for Entry of Default Judgment. But each moved to dismiss Plaintiff's respective claims against them in early January, some four-and-a-half months after they were purportedly served and a month after Plaintiff moved for default judgment. Docs. 27, Dallas MTV's Mot. Dismiss; 28, Saleh's Mot. Dismiss. Plaintiff, in turn, voluntarily dismissed his claims against Dallas MTV. Doc. 33, Notice of Dismissal.

After the foregoing procedural twists and turns, Saleh is the only Defendant remaining in the case. Plaintiff has responded to his Motion to Dismiss. Doc. 42, Pl.'s Resp. to Def.'s Mot. Dismiss & Alternative Mot. for Leave [hereinafter Pl.'s Resp.]. And as referenced, Saleh failed to respond to Plaintiff's Motion for Entry of Default Judgment. Accordingly, both Motions at issue are ripe for the Court's review.

## II.

## SETTING ASIDE DEFAULT

*A.    Legal Standard*

As mentioned above, Saleh filed a Motion to Dismiss after default was entered against him. He failed, however, to move to set aside the clerk's entry of default. That said, "[w]hen a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default. Moreover, a court may set aside an entry of default *sua sponte*." *Flores v. Koster*, No. 3:11-cv-0726-M-BH, 2012 WL 6928017, at *1 (N.D. Tex. Dec. 28, 2012) (internal citations omitted).

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Good cause "is not susceptible of a precise definition, and no

fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). That is why the "good cause" standard is liberally construed. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

To determine whether a defendant has shown good cause for a Rule 55(c) motion, a court should consider the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense. *Dierschke*, 975 F.2d at 184. The court need not consider all of these factors. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). What's more, "[t]hese factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default." *Flores*, 2012 WL 6928017, at *2 (citing *Effjohn*, 346 F.3d at 563). Ultimately, "'[t]he decision to set aside a default decree lies within the sound discretion of the district court.'" *Id.* (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir.1985)).

The Court favors resolving actions on the merits and therefore will resolve any doubts in favor of Saleh. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law'") (internal citation omitted); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits").

B.  *Analysis*

The Court now turns to its factor by factor analysis. First, to determine whether a default is

willful, the Court considers whether there has been excusable neglect. *CJC Holdings*, 979 F.2d at 64. Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Coleman v. Bank of N.Y. Mellon*, 3:12-cv-4783-M-BH, 2015 WL 5437661, at *2 (N.D. Tex. Aug. 14, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388. Excusable neglect has been found to include late filings due to "mistake, inadvertence or carelessness and not to bad faith." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008). On the other hand, an "'intentional failure' to respond to litigation" is not excusable neglect. *See In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) (quoting *Lacy*, 227 F.3d at 292).

Saleh provides a single explanation for his default: Plaintiff's attempt to serve him with process was deficient. As explained below, the Court is not persuaded. Nevertheless, Plaintiff's route to service in this case was circuitous at best. Under the circumstances, Saleh's tardiness appears more attributable to carelessness or mistake than to bad faith or an intentional failure to respond. *See id.* Because the Court has not entered default judgment against Defendants and is considering only lifting the clerk's entry of default, the Fifth Circuit's preference for a trial on the merits factors heavily into the Court's analysis here. The Court therefore concludes that this factor favor of lifting the entry of default against Saleh.

With respect to the second factor, the Court concludes that the prejudice to Plaintiff, or lack thereof, weighs in favor of setting aside default. Saleh "entered an appearance before there was a ruling on the motion for default judgment, and the case is still in its early stages." *Cunningham v.*

*Burns*, No. 3:12-cv-1824-L, 2013 WL 4505157, at *4 (N.D. Tex. Aug. 23, 2013). To be sure, his delay is unfortunate. But prejudice to the plaintiff must involve more than the mere possibility of prejudice from delay inherent in every case. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985). Requiring a plaintiff to litigate the merits of the claim is insufficient prejudice to allow a default to stand. *See One Parcel of Real Property*, 763 F.2d at 183. Thus, because it appears to the Court that the only harm Plaintiff has suffered is having to wait to litigate the merits of the claim, this factor weighs in favor of lifting the entry of default against Saleh.

Finally, Saleh has asserted multiple defenses, including insufficient service of process, legal justification, and others. Those factors, taken together with the Fifth Circuit's strong policy favoring trying cases on the merits, constitute good cause. *See Lacy*, 227 F.3d at 292. For that reason, the Court concludes that the Clerk's default entered against Saleh on October 21, 2016, should be **SET ASIDE**.

### III.

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Under Federal Rule of Civil Procedure 55, a court may enter a default judgment against a party who has not filed a responsive pleading or otherwise defended a civil action. Fed. R. Civ. P. 55(b)(2). That said, federal courts have discretion to grant or deny motions for default judgment. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Thus, while a defendant may technically be in default, a party is not entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

But as explained above, Saleh is no longer in default. Indeed, he "otherwise defended the case by filing a motion to dismiss." *Flores*, 2012 WL 6928017, at *3. And even if he had not, Plaintiff is

not entitled to default judgment as a matter of right. *Id.* The Court thus concludes that "a decision on the merits is warranted." *Id.* Accordingly, the Court **DENIES** Plaintiff's Motion for Entry of Default Judgment.

## IV.

## SALEH'S MOTION TO DISMISS UNDER RULE 12(b)(5)

A.   *Legal Standard*

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011).

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992). "The Court, in making a determination on the validity of service, 'must look outside the complaint to determine what steps, if any, the plaintiff took to effect service.'" *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-0, 2014 WL 1677680, at *2 (N.D. Tex. Apr. 28, 2014) (quoting *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009)).

B.   *Analysis*

Saleh argues that Plaintiff's attempt to serve him was deficient for four reasons. Doc. 28, Saleh's Mot. Dismiss. In particular, Saleh asserts that: (1) the method of service did not comply with the Court's Orders; (2) the method of service did not comply with the Federal Rules of Civil Procedures; (3) process was never actually served on Saleh; and (4) the return of service alleging service on Saleh was false. *Id.* at 1–2. Plaintiff responds that his service on Saleh complied with both

the Federal Rules of Civil Procedure and the Court's earlier Orders, especially given Saleh's notice of the claims against him. Doc. 42, Pl.'s Resp. 5–6.

The Court agrees with Plaintiff. As an initial matter, the Court summarily dismisses Saleh's argument that the return of service present on the docket sheet was somehow falsified. The return (Doc. 18) appears reliable on its face. Saleh provides no evidence to the contrary, instead offering just a conclusory remark that the return is "false." Doc. 28, Saleh's Mot. Dismiss. Thus, the Court accepts it as true and turns to Saleh's other points.

> Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual in a judicial district of the United States by:
>
> > "(1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) *leaving a copy of each at the individual's dwelling place or usual place of abode with someone of suitable age and discretion who resides there*; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or law to receive such service of process."

*Ayika v. Sutton*, 378 F. App'x 432, 433–34 (5th Cir. 2010) (quoting Fed. R. Civ. P. 4(e)) (emphasis added). The return of service in question here states, in pertinent part:

> I, Carlos Barrera, do hereby affirm that on the 16th day of August, 2016 at 9:00 pm, I:
>
> delivered to Reza Saleh, by personally delivering and leaving a true copy of the Summons In A Civil Action, Order, 2nd Order, Original Complaint, Plaintiff's Certificate of Interested Parties, Notice of Consent, and Civil Cover Sheet with John

> Doe, the defendant's Resident, who is a Person of Suitable Age to accept, at the address of 1602 Kindred Lane, Richardson, TX 75080-3315, the said premises being the defendant's usual place of abode.

Doc. 18. As referenced, Saleh attacks Plaintiff's attempt at service for violating the Court's earlier Orders and the Federal Rules of Civil Procedure, as well as for not being made on him personally. Yet neither the Court's previous Orders nor Rule 4 require personal service. Indeed, there is little question that the above return satisfies Rule 4 under these circumstances.

"The Fifth Circuit has held that Rule 4's 'provision concerning usual place of abode should be liberally construed to effectuate service if actual notice has been received by the defendant' and that this question should be 'considered from a practical standpoint.'" *Howard v. Shelton*, 277 F.R.D. 168, 170 (S.D. Miss. 2011) (quoting *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967)). Plaintiff alleges, and Saleh does not contest, that Saleh had actual notice of the claims against him here. Doc. 42, Pl.'s Resp. 5. Under these circumstances, the Court construes Rule 4(e)(2)(B) liberally.

Saleh does not assert any substantive arguments as to why Plaintiff's attempt at service was deficient. He does not, for instance, claim that his usual place of abode was somewhere else. Nor does he posit that "John Doe" was too young, or that he lacked sufficient discretion, or that he didn't reside at that same abode. Nor, for that matter, does Saleh even cite to authority to support his argument. The Court therefore finds his position unpersuasive.

To be sure, Plaintiff's attempt at service was not perfect, and might not be enough given different circumstances and arguments. But Saleh appears to have known about the claims against him before he was served. And he no doubt knows about them now given his appearance in the case. So as a practical matter, the Court finds Plaintiff's service on Saleh sufficient. "Rule 4 is a means to an end; it does not exist for its own sake. Although its demands are specific, its ultimate goal is simply

to notify a defendant that a lawsuit has been filed against it." *Howard*, 277 F.R.D. at 172. Saleh likely had and surely has notice. So the Court **DENIES** his Motion to Dismiss under Rule 12(b)(5).

V.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND SALEH'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

The second half of Saleh's Motion to Dismiss challenges the sufficiency of Plaintiff's pleadings under Federal Rule of Civil Procedure 12(b)(6). Doc. 28, Saleh's Mot. Dismiss 2–4. Yet as in his 12(b)(5) challenge, Saleh cites to no authority in support of his argument. *See id.* Rather, he lists off a series of bullet points that seem to challenge certain factual allegations in Plaintiff's complaint. *Id.* The net impact of those bullet points, the Court supposes, might render Plaintiff's pleadings deficient. Yet the Court declines to undertake that analysis here because Plaintiff has since moved for leave to amend his complaint. Doc. 44, Pl.'s Mot. Leave to File Second Am. Compl.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleadings with leave of court. It goes on to instruct that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). With that, along with the dearth of authority offered by Saleh in support of his Motion, in mind, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint and instructs the clerk to enter Plaintiff's Second Amended Complaint (Doc. 44-1) as of the date of this Order. The Court further **DENIES** Saleh's Motion to Dismiss Plaintiff's first Amended Complaint as moot.

VI.

CONCLUSION

For the above reasons, the Court **SETS ASIDE** the clerk's entry of default against Saleh,

**DENIES** Plaintiff's Motion for Default Judgment (Doc. 25) and Saleh's Motion to Dismiss (Doc. 28), and **GRANTS** Plaintiff's Motion for Leave (Doc. 44).

**SO ORDERED.**

**SIGNED: April 21, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE